UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

ROCHELLE WHARTON                                                                                        PLAINTIFF

v.                                                                                        CIVIL ACTION NO. 5:20-CV-9-JRW

DOUGLAS AUTOTECH CORPORATION                                                              DEFENDANT

## ORDER

1. The Court **GRANTS in part** and **DENIES in part** Douglas Autotech's motion for partial dismissal (DN 6).

2. The Court **DISMISSES** Rochelle Wharton's Title VII sex discrimination claim **without prejudice**.

3. The Court **GRANTS** Wharton's motion to amend (DN 9).

4. The Court **DIRECTS** the Clerk to **FILE** Wharton's proposed Amended Complaint (DN 12).

5. The Court **DIRECTS** the Clerk to **STRIKE** DN 6-2 at #43.[1] Douglas Autotech's deadline for filing a redacted copy of that exhibit is June 26, 2020.

## OPINION

Douglas Autotech asks the Court to dismiss Wharton's Title VII sex discrimination and retaliation claims because she didn't exhaust those claims with the Equal Employment Opportunity

---

[1] Fed. R. Civ. P. 5.2(a)(2).

Commission.[2] The Court agrees that Wharton didn't exhaust her sex discrimination claim under federal law and therefore will dismiss that claim. Wharton's retaliation claim may go forward.

Douglas Autotech first says the Court lacks subject matter jurisdiction over the claims Wharton didn't present to the EEOC.[3] Title VII's exhaustion requirement is procedural, not jurisdictional.[4] Therefore, the Court has subject-matter jurisdiction over Wharton's sex discrimination and retaliation claims.

Wharton's EEOC affidavit describes an incident at Douglas Autotech which she says led to her firing.[5] The team leader, Eric Miller, who is white, told Michael Elliott, who is black, that he was a "damn [liar]" when Elliott's machine was down and told Elliott to go to the office.[6] Wharton intervened, asking Miller why he didn't tell Terry Mayton, a white employee, to go to the office for cussing 3 weeks earlier.[7] Wharton told Miller that "it was not right for [Elliott] to go to the office for no reason and allow Terry to curse the team leader with no action taken."[8]

Two days later, the company told Wharton to write a statement about what happened, which she did.[9] The next day, Douglas Autotech told Wharton that she instigated the incident, sent her home, and suspended her.[10] The following day, Douglas Autotech fired Wharton for insubordination.[11]

---

[2] The Kentucky Civil Rights Act does not have an exhaustion requirement. Ky. Rev. Stat. § 344.450. Also, Douglas Autotech did not move to dismiss Wharton's sex discrimination or retaliation claims under Kentucky law. *See* DN 8 at # 53. This decision concerns Wharton's Title VII claims only.
[3] DN 6-1 at #35.
[4] *Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1850-51 (2019).
[5] DN 6-2 at #44.
[6] *Id*.
[7] *Id*.
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] *Id*.

Although Wharton didn't check the retaliation box on her EEOC charge, that is "not dispositive."[12] Wharton's affidavit suggests that Douglas Autotech fired her for pointing out that the company treated a white employee who committed a worse offense (cursing at a supervisor) more favorably than a black employee (who complained when his machine was down). Thus, the Court construes Wharton's charge to include a retaliation allegation.[13]

However, Wharton's EEOC charge doesn't mention sex discrimination, nor does it include any sex discrimination allegations from which the EEOC could have been reasonably expected to investigate. Rather, her affidavit tells a story of racial discrimination and retaliation only. It doesn't include anything suggesting that Douglas Autotech fired her because of her sex or that Wharton's sex played a role at all. Dismissal of her Title VII sex discrimination claim without prejudice is appropriate.[14]

*Justin R. Walker, District Judge*
*United States District Court*

6/15/2020

---

[12] *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

[13] The exhaustion requirement is not "overly rigid," and the Court should liberally construe the EEOC charge "to encompass all claims reasonably expected to grow out of the charge of discrimination." *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006) (internal quotation marks omitted); *see also*, *Dixon*, 392 F.3d at 217 ("[T]he judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.") (internal quotation marks omitted).

[14] *See Robinette v. Union Hospital*, No. 17-341, 2018 WL 2106403, at *2 (6th Cir. Mar. 22, 2018) (reversing district court's decision to dismiss a discrimination complaint with prejudice because the "record shows that [the plaintiff] has been diligently pursuing her claims and, consequently, she may be able to establish equitable grounds to excuse the filing of an untimely EEOC complaint.").